UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21715-CIV-SINGHAL

CARLOS RODRIGUEZ LOPEZ,

Petitioner,

v.

KROME SERVICE PROCESSING CENTER, Field Officer,

Respondent.
_________________________________/

**ORDER**

Petitioner Carlos Rodriguez Lopez has been detained by Immigration Customs and Enforcement ("ICE") since November 8, 2025. (DE [1] at 4). He is currently in removal proceedings and is not, at this time, subject to a removal order. *Id.* at 6. Petitioner filed the present Petition for Writ of Habeas Corpus, seeking a bond hearing and arguing that his detention violates *Zadvydas v. Davis,* 533 U.S. 678 (2001). (DE [1]). Because Petitioner fails to show he cannot be detained under 8 U.S.C. § 1225, and because his detention does not violate due process, the Petition (DE [1]) is denied.

I. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas,* 533 U.S. at 687.

## II. DISCUSSION

Petitioner claims that he is entitled to bond. This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225 without bond. *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026); *Doria v. Warden, Broward Transitional Center*, No. 0:26-cv-60112 (S.D. Fla. Feb. 9, 2026). Multiple courts of appeals have done the same. *See Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026). And other district courts have also reached the same conclusion. *See, e.g.*, *Lopez v. Dir. of Enf't & Removal Operations*, — F. Supp. 3d —, 2026 WL 261938, at *7 (M.D. Fla. Jan. 26, 2026); *Weng v. Genalo*, 2026 WL 194248, at *3 (S.D.N.Y. Jan. 25, 2026). Only if an alien is admitted into the country is he entitled to a bond hearing under § 1226; otherwise he may be detained under § 1225. *Ramirez v. Charles*, — F. Supp. 3d —, 2026 WL 827155, at *2 (S.D. Fla. Mar. 26, 2026); *Morales*, 2026 WL 236307, at *4.

Here, Petitioner does not argue that he is admitted. Based on the alleged facts in his Petition, the Court cannot conclude that he is admitted and therefore entitled to a bond hearing. Petitioner does not plead facts entitling him to relief under § 1226, so this argument fails.

Petitioner's due process and *Zadvydas* arguments are similarly of no avail. *See, e.g.*, *Arroyo v. Diaz*, — F. Supp. 3d —, 2026 WL 279656, at *6 (S.D. Fla. Feb. 2, 2026); *Morales*, 2026 WL 236307, at *9. The "[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process."

*Demore v. Kim*, 538 U.S. 510, 523, 529-31 (2003). "[D]eportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). As for the length of Petitioner's detention, the Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner here has been detained for five months. (DE [1] at 4). Because the Supreme Court has upheld the constitutionality and lawfulness of detention up to six months, Petitioner's due process rights have not been violated.

## III. <u>CONCLUSION</u>

For the reasons discussed above, the Court concludes that Petitioner has failed to show that his detention is unlawful or unconstitutional. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of April 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF